UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARA ERESIAN, JR., as trustee of )<br>MAIN/HITCHCOCK REALTY TRUST )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL NATIONAL MORTGAGE )<br>ASSOCIATION and )<br>JP MORGAN CHASE BANK, N.A., )<br>    Defendants. )<br>) | Civil No.<br>12-12292-NMG |

MEMORANDUM AND ORDER

GORTON, J.

    Plaintiff Ara Eresian, Jr. seeks to enjoin the foreclosure sale by defendants Federal National Mortgage Association ("Fannie Mae") and JP Morgan Chase Bank, N.A. ("JP Morgan") of properties located at 1029-1037 Main Street, 1 and 1A Hitchcock Road and 1039-1041 Main Street in Worcester, Massachusetts (the "Subject Properties"). Plaintiff claims to own the Subject Properties. The foreclosure auction is scheduled to proceed on Wednesday, December 12, 2012, at 12:00 noon. Because plaintiff has failed to demonstrate that he is likely to succeed on the merits of his claim, his Emergency Motion will be denied.

    Plaintiff alleges that (1) defendant Fannie Mae lacks legal authority to foreclose because JP Morgan owns the subject mortgage but failed properly to assign it to Fannie Mae prior to

foreclosure and, as a result, (2) defendants failed to provide adequate notice of the foreclosure sale as required under M.G.L.c. 244, § 14.

On a motion for preliminary injunction, the "sine qua non" that plaintiff must establish is his likelihood of success on the merits of his claim. New Comm Wireless Services, Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002). Plaintiff's factual allegations, at this stage, do not warrant the grant of this extraordinary remedy because plaintiff has failed to make a sufficient showing that defendant JP Morgan holds or held the subject note. The record before the Court suggests that defendant Fannie Mae purchased the subject loan and received the note prior to any transfer of assets from the original holder, Washington Mutual Bank, to the alleged loan holder, defendant JP Morgan. The assignment of the subject mortgage by the FDIC to Fannie Mae, recorded in July 2011, appears therefore to have completed rather than undermined Fannie Mae's claim to the subject mortgage.

### ORDER

In accordance with the foregoing, plaintiff's Emergency Motion for Injunctive Relief (Docket No. 5) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 12, 2012

9:15 A.M.

-2-