```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
ARA ERESIAN, JR., as trustee of )
MAIN/HITCHCOCK REALTY TRUST   )
      Plaintiff,             )     Civil No.
                              )     12-12292-NMG
      v.                      )
                              )
FEDERAL NATIONAL MORTGAGE     )
ASSOCIATION and               )
JP MORGAN CHASE BANK, N.A.,   )
      Defendants.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Ara Eresian, Jr., acting as trustee of the Main/Hitchcock Realty Trust ("the Trust"), has filed an emergency motion to enjoin the foreclosure sale by defendants Federal National Mortgage Association ("Fannie Mae") and JP Morgan Chase Bank, N.A. ("JP Morgan") of properties located at 1029-1037 Main Street, 1 and 1A Hitchcock Road and 1039-1041 Main Street in Worcester, Massachusetts ("the Subject Properties"). This is plaintiff's second attempt to do so. His first such motion in December, 2012 was denied on the ground that plaintiff failed to demonstrate a likelihood of success on the merits of his claims.

The auction Mr. Eresian unsuccessfully sought to enjoin was nonetheless postponed when Eldorado Canyon Properties, LLC, a beneficiary of the Trust owned by Mr. Eresian, became the subject of involuntary bankruptcy proceedings. The bankruptcy court with

-1-

jurisdiction lifted the automatic stay with respect to these proceedings in March, 2013, leading defendants to reschedule the foreclosure auction for May 15, 2013 and plaintiff to file the pending, second emergency motion.

Plaintiff contends that the upcoming auction should be enjoined because the Trust lacked a signed schedule of beneficiaries when it was formed in 1994 and therefore "never came into existence." That supposedly rendered void any mortgages entered into on the Trust's behalf.

As this Court noted when it denied plaintiff's first request for emergency injunctive relief, the "sine qua non" that a plaintiff must establish to obtain such relief is a likelihood of success on the merits of his claim. New Comm Wireless Services, Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002). The only evidence plaintiff proffers in support of his relatively sweeping claim is an affidavit, submitted by one of the original Trust beneficiaries in a separate litigation, which states that a schedule of beneficiaries attached as an exhibit in that litigation was not created contemporaneously with the Trust. The affidavit suggests, at best, that the affiant no longer possesses the original schedule; it does not sustain the inferential leap that no signed schedule existed in 1994.

Furthermore, in the paragraph immediately preceding the one cited by plaintiff, the affiant claims that it was plaintiff who

drafted all the trust documents and was therefore the individual responsible for the existence or non-existence of the schedule. Beyond requesting extraordinary relief based upon a frivolous showing, plaintiff asks the Court to invoke its equitable power while ignoring the probability that an injunction would likely permit him to profit from his own negligence, deliberate or otherwise.  The Court declines to do so and will again deny his emergency motion.

## ORDER

In accordance with the foregoing, plaintiff's second emergency motion for injunctive relief (Docket No. 21) is **DENIED**. **So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 14, 2013